IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | Civil Action No. 6:15-cv-102-TMC |
| Charles Lesine and Marlin Ware, | ) ) | |
| Intervening Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| DHD Ventures Management Company, Inc.; DHD Ventures NC, LLC; and DHD Ventures, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This case arises out of alleged violations of Title VII of the Civil Rights Act by DHD Ventures Management Company ("DHD Management"), DHD Ventures NC, LLC ("DHD NC"), and DHD Ventures, LLC ("DHD Ventures") (collectively, "Defendants"). Defendants filed nine motions to dismiss pursuant to Fed. R. Civ. P. 12(b). (ECF Nos. 12, 14, 15, 20, 21, 24, 25, 26, and 27). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., those motions were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant, in part, the motions to dismiss filed by Defendants. (ECF No. 65).[1] The Equal Employment

---

[1] The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Opportunity Commission ("EEOC") filed timely objections to the Report. (ECF No. 66). Charles Lesine ("Lesine") and Marlin Ware ("Ware"), the intervenor plaintiffs, failed to file objections. Defendants did not file objections. In addition to filing objections, the EEOC filed a motion to amend the complaint. (ECF No. 68). On October 7, 2015, the court held a hearing on the motions to dismiss and the motion to amend.

## I. BACKGROUND

The EEOC filed this case on behalf of Lesine and Ware. (ECF No. 1). The complaint alleges that DHD Ventures Management Company, Inc. ("DHD Management") was the management team at Grandeagle Apartment Complex ("Grandeagle Property"), a property owned by Grandeagle, LLC ("Grandeagle"). According to the complaint, Lesine and Ware were subjected to a racially hostile work environment and were discharged in retaliation for reporting the racially hostile workplace.

## II. LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move the court to dismiss an action based on a lack of personal jurisdiction. When a defendant files a motion to dismiss the plaintiff's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "the burden is on the plaintiff to establish the existence of a ground for exercising such jurisdiction." *ESAB Group, Inc. v. Centricut, LLC,* 34 F. Supp. 2d 323, 328 (D.S.C. 1999). In the absence of an evidentiary hearing, the court may rely on the parties' pleadings, affidavits, and other legal documents, and the plaintiff need only make a prima facie showing of jurisdiction. *Mylan Lab., Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir. 1993). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable

to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989).

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, the rules require more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* at 678.

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

The Report recommends dismissing DHD NC and DHD Ventures for lack of personal jurisdiction. The Report also recommends granting the motions to dismiss for failure to state a claim, in part, because some of the allegations are barred by the statute of limitations. The EEOC filed specific objections to each portion of the Report. The EEOC also filed a motion to

amend its complaint. Defendants have filed a response in opposition to the motion to amend. (ECF No. 75). Because the ruling on the motion to amend the complaint may impact the Report's recommended resolution of the motions to dismiss filed by Defendants, the court will consider the motion to amend first.

### A. Motion to Amend the Complaint

Generally, a motion to amend a pleading is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

Defendants argue that the court should not review the motion to amend de novo because it was raised to and ruled upon by the magistrate judge. (ECF Nos. 72 at 6–8; 73 at 13–15; 75 at 3). They assert that the EEOC made an oral motion to amend the complaint, and the magistrate judge denied the motion. (ECF Nos. 72 at 6–8; 73 at 13–15; 75 at 3). Defendants assert that since the magistrate judge ruled upon the motion to amend the complaint, this court can overturn the ruling only if the ruling was "clearly erroneous or contrary to law." (ECF Nos. 72 at 7; 73 at 14). Defendants claim that the ruling was not clearly erroneous because the magistrate judge repeatedly asked what impact permitting the EEOC to amend would have on the case, and the EEOC failed to provide sufficient answers. (ECF Nos. 72 at 8; 73 at 15)

In its sur-reply and at the hearing before the magistrate judge, the EEOC discussed its desire to provide additional facts in its complaint. (ECF Nos. 61 at 5; 71 at 33–34, 37, 47, 52).

The parties argued whether the EEOC should be given leave to amend. (ECF No. 71 at 48–49). In its reply to Defendants' response in opposition to the motion to amend, the EEOC claims that "the Magistrate Judge did not rule on the EEOC's request when issuing his Report, from the bench, or in an order." (ECF No. 81 at 2). The court, after a thorough review of the Report and the transcript from the hearing, finds that the magistrate judge did not, in a dispositive manner, address any request to amend the pleadings in his Report or at the hearing. Therefore, the court finds that the magistrate judge did not rule on the motion to amend the complaint.

Defendants next assert that the motion to amend the complaint should be denied as it is brought in bad faith and is futile. (ECF Nos. 72 at 8 n.7; 73 at 15 n.7; 74 at 11–12 n.12). Defendants claim that the motion to amend is brought in bad faith because the EEOC knew or should have known the additional facts set forth in the motion when it filed its initial complaint. However, "delay alone is not sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Defendants have failed to put forth facts that the EEOC had a "bad intent" by waiting five months prior to filing its motion to amend the complaint, nor have Defendants indicated any prejudice they would suffer from allowing an amendment to the complaint. And although the more prudent practice would have been to file the motion to amend the complaint prior to the issuance of the Report, the Fourth Circuit requires this court to consider the amended complaint so long as the requirements of Fed. R. Civ. P. 15 are met. *See St. John v. Moore*, 135 F.3d 770, at *1 (4th Cir. 1998) (unpublished) ("In this case, St. John moved to amend after the magistrate judge's recommendation, but before the district court issued its decision. Because it is bound to conduct a de novo review of the magistrate judge's report, the district court must consider claims raised before its decision even if those claims were not raised before the magistrate judge.").

As to Defendants' futility argument, the court finds that the amended complaint makes a stronger case that the court can exercise personal jurisdiction over DHD Ventures and DHD NC, and that allegations prior to October 2011 are not barred by the statute of limitations. As indicated below, the court finds, in light of the new facts set forth in the amended complaint, that jurisdictional discovery on the issues raised in the motions to dismiss would be helpful. Therefore, the court will not deny the motion to amend on the basis of futility.

This case was filed on January 8, 2015. (ECF No. 1). The EEOC filed the motion to amend its complaint on May 28, 2015. (ECF No. 68). Based on the lenient standard for amendment of pleadings and the age of the case, the court finds leave should be freely given to the EEOC to amend its complaint at this early stage of the case. *See* Fed. R. Civ. P. 15(a)(2).

**B. Motions to Dismiss**

Collectively, Defendants have filed nine motions to dismiss. Each Defendant has filed three motions to dismiss, seeking dismissal of the complaint filed by the EEOC, as well as the intervenor complaints filed by Lesine and Ware. (ECF Nos. 12, 14, 15, 20, 21, 24, 25, 26, 27).[2] In its motion to dismiss, DHD Management argues that: (1) Ware failed to exhaust administrative remedies; (2) allegations prior to October 2011 are barred by the statute of limitations; (3) the suit is barred by the doctrine of laches; and (4) the suit should be dismissed for failure to include an indispensable party. (ECF No. 12). DHD NC's motion to dismiss asserts that: (1) the court lacks personal jurisdiction over it; (2) the court lacks subject matter jurisdiction over it; (3) the suit is barred by a failure to exhaust administrative remedies; (4) the EEOC is estopped from filing suit; (5) the allegations prior to October 2011 are barred by the statute of limitations; (6) the suit is barred by the doctrine of laches; and (7) the suit should be

---

[2] The motions to dismiss the intervenor complaints merely incorporate the arguments Defendants made in their motions to dismiss the EEOC's complaint. (ECF Nos. 20, 21, 24, 25, 26, 27).

dismissed for failure to include an indispensable party. (ECF No. 14). DHD Ventures's motion to dismiss raises the same arguments that DHD NC raised in its motions. (ECF No. 15).

The magistrate judge's Report recommended granting the motions to dismiss filed by DHD NC and DHD Ventures on the basis that South Carolina courts cannot exercise personal jurisdiction over those entities. (ECF No. 65 at 7). The magistrate judge then examined whether the alleged violations of Title VII prior to October 2011 against DHD Management are barred by the statute of limitations. (ECF No. 65 at 7–11). The magistrate judge recommended that the claims prior to October 2011 be dismissed as time barred. (ECF No. 65 at 11). The magistrate judge then considered whether the case was barred by the doctrine of laches, and he found that it was not. (ECF No. 65 at 12).

The EEOC filed specific objections[3]; Defendants did not object to the magistrate judge's finding and recommendation on the doctrine of laches.[4] In its objections, the EEOC claims that the magistrate judge erred in finding the court lacks personal jurisdiction over DHD NC and DHD Ventures and the allegations prior to October 2011 barred by the statute of limitations. (ECF No. 66). Each defendant filed a reply to the objections, and the EEOC filed a sur-reply to Defendants' replies. (ECF Nos. 72, 73, 74, 80). The EEOC seeks leave to conduct discovery on the issue of personal jurisdiction and the statute of limitations.

After reviewing the motions to dismiss and the amended complaint, the court finds that discovery on the issues raised in the motion to dismiss would be helpful. "Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst Pregnancy*

---

[3] Ware and Lesine failed to file specific objections.

[4] Because Defendants failed to file specific objections, they are not entitled to de novo review on the issue of whether the case should be dismissed based on the doctrine of laches. *See, e.g.*, 28 U.S.C. § 636 (indicating that a court only has to conduct de novo review to any portion of the Report to which specific, written objections are made); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). The court finds that the magistrate judge did not commit clear error.

*Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (citing *Akzo*, 2 F.3d at 64). "When plaintiff can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

The court has thoroughly reviewed the motions and evidence presented. The court finds that the EEOC should be given time to conduct discovery to determine whether a South Carolina court can exercise personal jurisdiction over DHD Ventures and DHD NC. The EEOC has also sought leave for discovery to determine the respective roles of DHD Management and TriBridge while the Grandeagle Property was in receivership. The court finds that discovery on these issues will be helpful for a determination as to whether the allegations prior to October 2011 are barred by the statute of limitations. Accordingly, the court will permit the EEOC to conduct discovery on whether a South Carolina court can exercise personal jurisdiction over DHD Ventures and DHD NC, as well as the roles that DHD Management and TriBridge had while the property was in receivership.

## IV. CONCLUSION

In sum, the court **GRANTS** the motion to amend the complaint (ECF No. 68). The court **DENIES** the motions to dismiss (ECF Nos. 12, 14, 15, 20, 21, 24, 25, 26, and 27) without prejudice. The EEOC shall be permitted to engage in discovery as provided herein. Upon completion of such discovery, Defendants shall have leave to re-file their motions to dismiss, provided discovery has not resolved the issues raised in the motions. The parties are directed to confer in good faith to agree upon a proposed scheduling order for completion of the discovery ordered herein and shall provide the same to the court within 15 days of the date of filing of this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 16, 2015
Anderson, South Carolina

9